IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

   vs.                                 Civil Case No. 04-3371-SAC
                                        Criminal Case No. 01-40087-01-SAC

BRYANE C. MENDENHALL,

        Defendant/Movant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (Dk. 92). The defendant asserts only one ground in support of his requested relief: that the sentencing court violated his Sixth Amendment rights in the manner in which it found him to be a career offender under the United States Sentencing Guidelines. The defendant contends that the determination whether his prior offenses were or were not related should have been made by the jury, not the judge. Defendant thus challenges the legality of his sentence based upon the Supreme Court's recent decision in *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004). The government has filed a

response opposing the retroactive application of the *Blakely* decision.  (Dk. 97).  The defendant has not filed a reply brief.

**PROCEDURAL HISTORY**

Defendant pleaded guilty to one count of attempting to manufacture methamphetamine, in violation of 21 U.S.C. § 846, and one count of possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  In sentencing defendant, this court applied the career-offender provision of the Sentencing Guidelines, which applies when "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a).  Defendant does not dispute that he had two prior state-court convictions: one for burglary of a residence and one for possession of cocaine with intent to sell.  Nor does defendant dispute that his prior convictions fall within the definitions of a "crime of violence" or a "controlled substance offense."  *Id.* Defendant challenges only the court's determination that the two prior felony convictions were unrelated.  The guidelines instruct a sentencing judge to count as a single prior felony conviction all those that are "related" to one another.  U.S.S.G. § 4B1.2(c) & comment 3; § 4A1.2(a)(2).  Thus had the court found the prior offenses to be related, the career offender provision would not have applied, and defendant's sentence would have been lower.

2

Defendant took a direct appeal, challenging his classification as a career offender, and arguing that his prior offenses were "related" and therefore should have been treated as a single prior felony conviction under the Guidelines. *See* USSG § 4A1.2(a)(2).  Relying in part upon the facts that defendant's prior offenses occurred more than three weeks and approximately 50 miles apart in different Kansas counties, and involved different victims, the Tenth Circuit rejected defendant's argument.  *United States v. Mendenhall*, 67 Fed. Appx. 565, 2003 WL 21363980 (10th Cir. June 13, 2003).  Defendant's petition for certiorari was denied on October 20, 2003, and his conviction became final on that date.  This § 2255 motion, filed within one year thereafter, is thus timely.

**GENERAL § 2255 STANDARDS**

A district court may grant relief under § 2255 if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  28 U.S.C. § 2255.  "Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal."  *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citation omitted).

3

## ANALYSIS

### No Sixth Amendment violation

In contending that the jury, not the judge, should have determined whether his prior offenses were or were not related, defendant relies upon *Blakely*. After defendant filed this § 2255 motion, the Supreme Court issued its decision in *United States v. Booker*, 125 S. Ct. 738, 2005 WL 50108 (Jan. 12, 2005), holding that the principles enunciated in *Blakely* applied to the United States Sentencing Guidelines ("guidelines") making their mandatory enforcement unconstitutional, because the guidelines do not comply with Sixth Amendment requirements. The Court stated:

> Accordingly, we reaffirm our holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

125 S. Ct. at 756. The Court preserved the guideline sentencing scheme, however, by severing the provisions of the Sentencing Reform Act that made the guidelines mandatory. Consequently, the guidelines are now "effectively advisory," 125 S. Ct. at 757. As modified, the Act now "requires a sentencing court to consider Guidelines ranges, *see* 18 U.S.C.A. § 3553(a)(4) (Supp. 2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, *see* 3553(a)

4

(Supp. 2004)." *Id*.

Defendant argues that the Sixth Amendment requires the government to charge and prove beyond a reasonable doubt that his prior convictions upon which his status as a career offender was based were unrelated. In *Booker,* the Court expressly confirmed the continuing validity of its holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that the fact of a prior conviction need not be submitted to a jury or proved beyond a reasonable doubt. *Id.* at 756. Further, the Supreme Court's post-Booker opinion in *Shepard v. United States* supports the rule that the sentencing court, not a jury, must determine whether prior convictions qualify as violent felonies. *See* 125 S. Ct. 1254 (2005) (discussing documents that a sentencing court may consider in determining the nature of a prior conviction). It follows that the sentencing court, not a jury, must determine whether prior convictions are or are not related for purposes of the career offender provision. Therefore, defendant's sentence does not violate any Sixth Amendment right. *See United States v. Trujillo-Terrazas*, ___ F.3d ___ (10th Cir. April 13, 2005) (where enhancements to a sentence are purely a product of prior convictions, the error is not constitutional in nature).

**No retroactive application**

An additional reason compels the denial of defendant's motion. Both

*Blakely* and *Booker* were decided after petitioner's conviction and sentence became final. Accordingly, absent retroactive application of the rule announced in those cases, particularly *Booker*, the petition is without merit.

The Tenth Circuit has rejected all attempts to apply retroactively in § 2255 proceedings the constitutional rights first recognized in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and subsequently extended in both *Blakely* and *Booker*. *See United States v. Lucero*, 123 Fed. Appx. 918 (10th Cir. 2005) (" We hold that the rule announced in *Booker* is not retroactive" to cases on collateral review.); *United States v. Leonard*, 2005 WL 139183 (10th Cir. Jan. 24, 2005) (*Blakely* and *Booker* are new rules of criminal procedure that apply "retroactively only to cases pending on direct review or cases that are not yet final."); *United States v. Price*, 118 Fed. Appx. 465, 2004 WL 2905381 (10th Cir. Dec. 16, 2004) (*Blakely* does "not apply retroactively to cases on collateral review."); *rehearing and rehearing en banc denied,* 400 F.3d 844 (10th Cir. 2005); *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir.) (*Apprendi* does not retroactively apply to initial § 2255 motions), *cert. denied*, 537 U.S. 961 (2002).

Other circuits agree, uniformly holding that *Booker* does not apply retroactively to cases in which the conviction and sentence become final prior to *Booker*. *See Varela v. United States*, 400 F.3d 864 (11th Cir. 2005) ("*Booker*'s

constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." (citation omitted)); *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005) (*Booker* will not be applied retroactively to cases in which the conviction and sentences became final prior to *Booker* being issued); *Green v. United States*, 397 F.3d 101 (2nd Cir. 2005) (neither *Booker* nor *Blakely* applies retroactively to a second or successive § 2255 proceeding); *Guzman v. United States*, ___ F.3d ___, 2005 WL 803214 (2d Cir. Apr. 8, 2005) (*Booker* established a new rule, but the new rule is neither a substantive rule nor a watershed rule of procedure as required to apply retroactively to cases on collateral review); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (*Booker* "does not apply retroactively to cases already final on direct review.").

In conclusion, the court imposed the sentence here without violating the defendant's Sixth Amendment rights, and the rules established in *Booker* and *Blakely* are not retroactively applicable to cases on collateral review.  Thus, the defendant does not advance any grounds entitling him to relief on his § 2255 motion.

IT IS THEREFORE ORDERED that defendant's motion to vacate and correct sentence under 28 U.S.C. §  2255 (Dk. 92) is denied.

Dated this 14th day of April, 2005, Topeka, Kansas.

        s/ Sam A. Crow
        Sam A. Crow, U.S. District Senior Judge

8